# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

NOV 06 2026

JENNIFER P. LYONS, CLERK
BY____________________
DEPUTY CLERK

DENNIS SOBIN,

Plaintiff Pro Se,

v.

AARON M. FREY, in his official capacity as Attorney General of Maine,

Defendant.

Civil Action No. ___________

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(42 U.S.C. § 1983)

*INTRODUCTION*

1. This is a civil-rights action seeking declaratory and prospective injunctive relief against enforcement of Maine statutes criminalizing the purchase of consensual sexual services between adults.
2. Plaintiff does not challenge laws prohibiting force, coercion, exploitation, trafficking, abuse of minors, fraud, assault, or any other nonconsensual conduct.
3. Plaintiff challenges only the criminal prohibition of voluntary intimate conduct between consenting adults when compensation is exchanged.
4. Plaintiff alleges that the Fourteenth Amendment protects adult decisions concerning intimate relationships and sexual conduct and that the State may not remove constitutional protection merely by labeling such conduct "commercial."
5. Plaintiff seeks a declaration that Maine's prostitution statutes, as applied to consensual adult transactions, violate the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

*JURISDICTION AND VENUE*

6. This action arises under the United States Constitution and 42 U.S.C. §1983.
7. Jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1343.
8. Declaratory relief is authorized by 28 U.S.C. §§2201-2202.
9. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the challenged statutes are enforced within Maine.

*PARTIES*

10. Plaintiff DENNIS SOBIN is an adult citizen of the United States.
11. Defendant AARON M. FREY is the Attorney General of Maine and is sued solely in his official capacity for prospective injunctive and declaratory relief under the doctrine of Ex parte Young.

*STANDING*

12. Plaintiff wishes to engage in consensual intimate conduct with adult service providers located in Maine.
13. Plaintiff has identified adult providers advertising sexual services in the Portand area and elsewhere in Maine. Specifically, he has used listcrawler.com to communicate with an individual named Savannah, who is a sex worker in Portland, Maine, and she is anticipating his visit. Her telephone number is 470-559-3413.
14. Plaintiff intends, within the foreseeable future, to travel to Maine and engage in intimate conduct with Savannah and other consenting adult providers in exchange for compensation.
15. Plaintiff's intended conduct is prohibited by Maine law.
16. Plaintiff refrains from engaging in such conduct because of a genuine fear of arrest, prosecution, fines, criminal penalties, and collateral consequences.
17. Plaintiff's intended conduct is neither hypothetical nor speculative.
18. Plaintiff thus faces a credible threat of enforcement.
19. Plaintiff therefore suffers an ongoing injury sufficient to confer Article III standing.

*FACTUAL ALLEGATIONS*

20. Maine criminal law prohibits the purchase of sexual services between consenting adults.
21. The challenged statutory scheme permits consensual sexual relationships when no compensation is exchanged but criminalizes substantially similar conduct when compensation is exchanged.
22. The State thereby places criminal penalties upon a class of intimate adult relationships solely because compensation is involved.
23. Plaintiff alleges that payment for services does not eliminate constitutional liberty interests otherwise present.
24. Individuals routinely exercise constitutional rights in commercial contexts.
25. Books may be sold rather than given away.
26. Newspapers may be sold rather than distributed for free.
27. Legal advice may be purchased.
28. Medical services may be purchased.
29. Marriage licenses require fees.
30. The commercial nature of an activity does not automatically extinguish constitutional protection.
31. Plaintiff alleges that intimate adult decision-making remains an exercise of personal liberty even when compensation is exchanged.

*FIRST CLAIM FOR RELIEF*

Violation of the Fourteenth Amendment

Substantive Due Process

32. Plaintiff incorporates all preceding paragraphs.
33. The Supreme Court has repeatedly recognized constitutional protection for intimate and personal decision-making.
34. In Griswold v. Connecticut, the Supreme Court recognized constitutional protection for private decisions concerning intimate relationships and reproductive choices.
35. In Loving v. Virginia, the Supreme Court held that the freedom to marry is a fundamental aspect of liberty protected by the Fourteenth Amendment.
36. In Lawrence v. Texas, the Supreme Court held that adults possess a constitutionally protected liberty interest in private, consensual intimate conduct and that the State may not intrude merely because a majority disapproves of the conduct.
37. Lawrence emphasized that adults are entitled to respect for their private lives and intimate choices.
38. Plaintiff alleges that the liberty recognized in Lawrence necessarily extends to consensual adult sexual conduct regardless of whether compensation is exchanged.
39. Nothing in Lawrence expressly addressed the constitutionality of prostitution statutes.
40. Plaintiff therefore seeks an extension and application of existing substantive-due-process principles.
41. Criminalization of consensual adult intimacy imposes a substantial burden upon personal autonomy and bodily liberty.
42. The challenged statutes violate the Due Process Clause of the Fourteenth Amendment.

*SECOND CLAIM FOR RELIEF*

Equal Protection

43. Plaintiff incorporates all preceding paragraphs.
44. Maine permits casual consensual adult sexual activity when no compensation is exchanged.
45. Maine criminalizes substantially identical conduct when compensation is involved.
46. The distinction burdens a constitutionally significant liberty interest.
47. Defendant cannot demonstrate that the distinction is sufficiently related to a constitutionally adequate governmental interest.
48. Plaintiff alleges that criminalization does not eliminate prostitution but merely drives it underground.
49. Plaintiff further alleges that less restrictive alternatives exist, including health-and-safety regulation, inspection, licensing, reporting requirements, and anti-trafficking enforcement directed at coercive conduct.
50. The challenged statutes therefore violate the Equal Protection Clause.

*THIRD CLAIM FOR RELIEF*

Ninth Amendment

51. Plaintiff incorporates all prior paragraphs.
52. The Ninth Amendment reflects the principle that the people retain fundamental rights beyond those expressly enumerated in the Constitution.
53. The intimate choices challenged here fall within that retained sphere of liberty.
54. The challenged statutes unconstitutionally burden those retained rights.

*ADVERSE AUTHORITY*

55. Plaintiff acknowledges that the Ninth Circuit rejected a constitutional challenge to California prostitution laws in Erotic Service Provider Legal Education & Research Project v. Gascon.
56. Plaintiff alleges that the reasoning of that decision unduly narrowed the liberty principles recognized by the Supreme Court in Lawrence v. Texas.
57. Plaintiff preserves all arguments that the Supreme Court's substantive-due-process jurisprudence should be extended beyond the limitations adopted by the Ninth Circuit.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Maine's prohibition on the purchase of consensual sexual services between adults violates the Fourteenth Amendment;

B. Declare that the challenged statutes are unconstitutional as applied to consensual adult conduct;

C. Permanently enjoin Defendant and all persons acting in concert with Defendant from enforcing the challenged provisions against Plaintiff;

D. Award costs pursuant to applicable law;

E. Grant such other and further relief as the Court deems just and proper.

*JURY DEMAND*

Plaintiff does not demand a jury trial because this action seeks declaratory and injunctive relief.

Respectfully submitted,

11-3-26

DENNIS SOBIN Plaintiff Pro Se
725 24th Street NW, Apt. 613
Washington, DC 20037
(202) 393-1511
DennisSobin@yahoo.com